## FISHER et v STATE ex FULTON

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14812. Decided Jan 13, 1936

238

Joseph J. Klein, Cleveland, George B. Riley, Cleveland, Chas. W. Toland, Cleveland, W. J. Wald, Cleveland, Louis W. Myron, Cleveland, James A. Farrell, Cleveland, Perry E. Hamilton, Cleveland, Edwin E. Miller, Cleveland, Samuel Boim, Cleveland, Harold C. Heiss, Cleveland, David Christopher, Cleveland, and Robert Turney, Cleveland, for plaintiffs in error.

John W. Bricker, Attorney General, Columbus, and M. P. Mooney, Special Counsel, Cleveland, for defendant in error.

## OPINION

By TERRELL, J.

It is claimed that the trial court erred in proceeding with the trial without giving notice to attorneys and parties in accordance with the established rule of court. Nothing appeared in the bill of exceptions which would warrant this court in concluding that the trial court was in error in this respect.

It is alleged as a ground of error that the trial court committed error in overruling the demurrers of the plaintiffs in error to the petition of the Superintendent of Banks. We find no error in this respect.

It is alleged that the court erred in overruling the motion to quash service. We find that a motion to quash service was filed only by five of the plaintiffs in error. There is nothing in the bill of exceptions that would bring to our attention any claimed error on the part of the court in overruling the motion to quash service of summons.

It is claimed that the trial court erred in refusing to grant the defendants a jury trial. With respect to this allegation of error we find that all of the plaintiffs in error, with the exception of Gottlieb Kuebler, Bertha Beltz, Louis Hutner and Hilda Swasey, have, by their answers or statements of counsel in their briefs, admitted that they are the owners of stock in The Standard Trust Bank, but as a defense assert that they were induced by fraud to become stockholders in said bank.

We hold in accordance with the holding in the case of **Baumgartner v State ex Fulton, 48 Oh Ap 5 (16 Abs 671)** that:

"Fraud on the part of the bank in inducing a person to acquire stock in and become a stockholder in said bank, is not available as a defense to such person, in an action to enforce the double liability of stockholders."

It therefore follows that the petitioners in error would not be entitled to present such a defense of fraud to a jury if a jury trial had been granted.

We therefore conclude that the alleged error of the court in failing to grant a jury trial was not prejudicial.

As to the claim of Louis Hutner, we find that he admits in his answer that he was a stockholder as alleged. This admission

would place upon him the stockholders' super-added liability, and there was no error in the trial court in refusing to grant him a jury trial, as there was no issue to be presented to a jury.

It is our conclusion that no prejudicial error intervened in the trial of this case and therefore the judgment of the trial court is affirmed.

LIEGHLEY, PJ, concurs.
LEVINE, J, dissents.

As to Gottlieb Kuebler, Bertha Beltz, Hilda Swasey and Mary Jacobson, the action has been settled and these proceedings in error are dismissed as to them.

### DISSENTING OPINION

By LEVINE, J.
I disagree from the conclusion reached by the majority of this court which affirmed the judgment of the Common Pleas Court. In this suit to enforce the super-added stockholders' liability, all of the parties filed answers. A few of the answers contained general denials. The majority of the answers admit that the defendants were stockholders but by way of defense allege fraud in the inducement when they became stockholders. As to those defendants who filed general denials it seems to me clear that they put in issue the important fact alleged in the petition that they were stockholders. If this court is correct in its former holding in the case of **Murfey, Blossom and Company v State of Ohio ex Fulton, Supt.**, decided December 23, 1935, that the defendants are entitled to trial by jury, it is quite clear to me that the Common Pleas Court committed error in denying these defendants a trial by jury.

As to those defendants who admitted that they were stockholders but by way of defense alleged fraud in the inducement, the majority of the court apparently is of the opinion that fraud in the inducement would not constitute a defense in this case. From this view I dissent. The suit to enforce the super-added liability is based upon an implied contract. This court held in the case of Murfey, Blossom and Company v State ex Fulton, that the constitutional provision for the super-added liability of stockholders in a bank and the statutory provisions contained in the General Code to the same effect, are all deemed to have been included in the stockholder's contract when he became a stockholder. If there was fraud in the inducement or duress in the making of a contract it destroys the element of assent which is essential to make

any contract binding. If the court finds that there was fraud in the inducement it must, at the request of the party defrauded, hold that the contract is null and void. In other words, that there was no contract. If there was no contract between the parties for the reason of fraud there can be no suit for super-added liability as the relationship of stockholder was completely demolished. There is but one exception. If the party upon discovery of the fraud which induced him to become a stockholder sleeps upon his rights and fails to exercise diligence to resort to the legal remedy afforded him to rescind the contract, or, if upon discovery of the fraud he takes or continues to take the benefits of his contractual relationship by collecting dividends or otherwise, he would be estopped from asserting the defense of fraud.

The record in this case shows that there was no trial on the merits and no evidence was offered. The trial court merely concluded that the defense of fraud is not available to the parties, regardless of the circumstances. In my opinion, the trial court was in error for the reasons above set forth. The substantial rights of the parties were seriously affected when the court denied them trial by jury and in effect dismissed their defense contained in the answers without any evidence having been offered by anyone to show the application of the doctrine of estoppel under the circumstances.

In the case against Louis Hutner we find the answer admitted that he was a stockholder, but denied everything else.

I am of the opinion that he presented no defense whatsoever. Having admitted in his answer that he was a stockholder, it becomes necessary for him to set forth matters of defense which would exonerate him notwithstanding. This he failed to do. The trial court, in my opinion, was correct in rendering judgment against him, and I therefore concur in the judgment of this court as to Louis Hutner.